John M. Thomas, OSB #024691
E-Mail: jthomas@rcolegal.com
Routh Crabtree Olsen, P.C.
11830 SW Kerr Parkway, Ste. 385
Lake Oswego, Oregon 97035
Phone: (503) 517-7180
Fax: (425) 457-7369
Attorney for Northwest Trustee Services, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| DON M. HOGAN and LINDA M. HOGAN, | Case No. 10-6027-TC |
| Plaintiffs, | DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S FRCP 12 MOTIONS AGAINST PLAINTIFFS' COMPLAINT |
| v. | |
| NW TRUST SERVICES, INC., et al., | |
| Defendants. | |

Defendant Northwest Trustee Services, Inc. (captioned as NW Trust Services, Inc.) (hereinafter, "NWTS"), moves the Court for an order dismissing Plaintiffs' Complaint for lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and pleading redundant, immaterial, or impertinent matter. The undersigned attorney certifies that a good faith effort was made to confer with Plaintiffs pursuant to LR 7.1(a). Counsel for NWTS mailed Plaintiffs a letter on February 17, 2010 seeking to confer and requesting that Plaintiffs telephone him; but, Plaintiffs have not responded. Counsel for NWTS cannot locate a telephone number for Plaintiffs.

Page 1 – DEFENDANT NWTS' FRCP 12 MOTIONS

**ROUTH CRABTREE OLSEN, P.C.**
*A full service mortgage banking law firm*
11830 SW Kerr Parkway Suite 385
Lake Oswego, Oregon 9735
Telephone (503) 977-7840
Facsimile (503) 977-7963

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

NWTS provides the following memorandum of law in support of its motion to dismiss and asserts several bases for the Court to grant its motion.

### I.    BRIEF STATEMENT OF FACTS

DEED OF TRUST:  On or about August 13, 2008, Plaintiffs executed and delivered to and for the benefit of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for M&T Bank ("M&T") a Deed of Trust encumbering the real property legally described as:

> LOT 4, BLOCK THREE, BIELER BOYS ESTATES, DESCHUTES COUNTY, OREGON

and more commonly known as 16205 Green Forest Road, La Pine, Oregon 97739 (the "Property"), which is the subject of the Plaintiff's Complaint.  A true and correct copy of the Deed of Trust is attached hereto as Ex. 1.  The Deed of Trust was subsequently assigned to co-defendant Wells Fargo Bank, N.A. (Wells Fargo).  A true and correct copy of the Assignment is attached hereto as Ex. 2.

NOTICE OF DEFAULT AND ELECTION TO SELL:  Plaintiffs defaulted under the terms of the Deed of Trust.  Wells Fargo appointed defendant Northwest Trustee Services, Inc. ("NWTS") as the successor (and foreclosing) trustee; such appointment is attached hereto as Ex. 3.  NWTS commenced foreclosure and issued a Notice of Default and Election to Sell (evidencing that Plaintiffs have been in default since May 1, 2009) and provided the statutorily required notices, which are attached hereto as Ex. 4.

Page 2 – DEFENDANT NWTS' FRCP 12 MOTIONS

**ROUTH CRABTREE OLSEN, P.C.**
*A full service mortgage banking law firm*
11830 SW Kerr Parkway Suite 385
Lake Oswego, Oregon 9735
Telephone (503) 977-7840
Facsimile (503) 977-7963

AUCTION OF PROPERTY: The Property was sold at public auction on January 29, 2010 to Federal National Mortgage Association. A true and correct copy of the trustee's deed evidencing such conveyance is attached as Ex. 5.

PLAINTIFF'S OTHER FEDERAL COURT ACTION: Plaintiffs have recently filed a virtually identical Complaint in U.S. District Court (Oregon—Eugene) (No. 10-6028-HO) apparently regarding the foreclosure and related issues concerning their other real property in Oregon.

PLAINTIFFS' OTHER STATE COURT ACTION: Additionally, On January 26, 2010, Plaintiffs apparently filed certain "pleadings" against NWTS—a motion for a temporary restraining order, preliminary injunction, and a *lis pendens*—in the Circuit Court for the State of Oregon for Deschutes County regarding the foreclosure of the Property. It does not appear that Plaintiffs filed an underlying complaint in state court; nonetheless, the state court has assigned case numbers (Deschutes County) 10CV0074ST and 10CV0075AB to the pleadings, which are attached hereto as Ex. 6.

## II.   STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12 (b)(6) is granted "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 US 41, 45 78 S. Ct. (1957). "We accept as true all well-pleaded facts in the complaint and construe them in the light most favorable to the nonmoving party." *Watson v. Weeks,* 36 F.3d 1152, 1157 (2006) *citing ASW v. Oregon*, 424 F.3d 970, 974 (2005) "A claim should be dismissed only if it appears beyond doubt that the plaintiff can establish no set of facts under which

Page 3 – DEFENDANT NWTS' FRCP 12 MOTIONS

ROUTH CRABTREE OLSEN, P.C.
*A full service mortgage banking law firm*
11830 SW Kerr Parkway Suite 385
Lake Oswego, Oregon 9735
Telephone (503) 977-7840
Facsimile (503) 977-7963

relief could be granted." *Id., citing Pacheco v. United States* 220 F.3d 1126, 1129 (9th Cir. 2000). Plaintiffs' Complaint cannot survive a motion to dismiss, as it contains unsupported allegations and superfluous information unrelated to NWTS. Thus, Plaintiffs' Complaint must be dismissed under Fed. R. Civ. P.12(b)(6).

### III.   LEGAL ARGUMENT

**A:  PLAINTIFFS' ACTION FAILS UNDER FED. R. CIV. P. 3**

Pursuant to Fed. R. Civ. P. 3, a civil action is commenced by filing a complaint. A complaint is a pleading allowed under Fed. R. Civ. P. 7, and under Fed. R. Civ. P. 8 the claims for relief therein must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. *Id.*

The Complaint is devoid of ultimate facts sufficient to constitute a claim for relief. Plaintiff makes no substantive allegations concerning any actionable conduct of NWTS. Plaintiff's complaint fails to meet even the minimal "notice pleading" requirement of Fed. R. Civ. P. 8(a). Dismissal under Fed. R. Civ. P. 12 (b)(6) is proper where there is either a "lack of a cognizable theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F3d 295-97 (7th Cir. 1995).

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint

Page 4 – DEFENDANT NWTS' FRCP 12 MOTIONS

**ROUTH CRABTREE OLSEN, P.C.**
*A full service mortgage banking law firm*
11830 SW Kerr Parkway Suite 385
Lake Oswego, Oregon 9735
Telephone (503) 977-7840
Facsimile (503) 977-7963

must contain more than a formulaic recitation of the elements of a cause of action," specifically, it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007). "The pleading must contain something more…than…a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*., *quoting* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004); *see also* Fed. R. Civ. P. 8(a).

Here, Plaintiffs fail to specify clearly the legal theories upon which they rely, and fail to make any substantive allegations concerning the particular conduct of the defendants. More importantly, Plaintiffs fail to link clearly which allegations are being asserted against which defendants (e.g., Plaintiffs' Twelfth Cause of Action—Counterfeiting). For illustration, Plaintiffs' Complaint also asserts claims arising under the Truth In Lending Act (TILA) and Real Estate Settlement Procedures Act (RESPA) against *all* Defendants even though NWTS is not a lender nor loan servicer, nor have Plaintiffs alleged as much. Most of Plaintiffs' "claims" are this vague. The complaint violates Rule 8, and should be dismissed.

**B.    THE COURT LACKS SUBJECT MATTER AND PERSONAL JURISDICTION UNDER FRCP 12(B)(1) AND (2)**

This court must have personal and subject matter jurisdiction over a cause before it can rule on a case. *Sinochem Intl. Co. Ltd. V. Malaysia Intl. Shipping Corp.*, 549 U.S. 422; 127 S. Ct. 1184 (2007). Pursuant to 28 U.S.C. §1331, the district court has original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States. Under 28 U.S.C. § 1332, the court has jurisdiction as follows:

Page 5 – DEFENDANT NWTS' FRCP 12 MOTIONS

**ROUTH CRABTREE OLSEN, P.C.**
*A full service mortgage banking law firm*
11830 SW Kerr Parkway Suite 385
Lake Oswego, Oregon 9735
Telephone (503) 977-7840
Facsimile (503) 977-7963

    (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between--
        (1) Citizens of different States;
        (2) citizens of a State and citizens or subjects of a foreign state;
        (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
        (4) a foreign state, defined in section 1603(a) of this title [28 USCS § 1603(a)], as plaintiff and citizens of a State or of different States. *Id.*

Plaintiffs' Complaint fails under both §§1331 and 1332. This matter arises from the Note and Deed of Trust securing payment of the Note with the Property located in Oregon. Plaintiff defaulted under the terms of the Note and Deed of Trust. Foreclosure proceedings have been completed.

Therefore, this matter consists of matters under state law. The State of Oregon has laws with regard to deeds of trusts and the foreclosure of them (*See* Oregon Revised Statutes Chapter 86). No federal question jurisdiction under 28 U.S.C. §1331 exists. Furthermore, Plaintiffs are maintaining a concurrent, pending state court action against NWTS regarding the Property.

Additionally, NWTS facially challenges the court's subject matter jurisdiction under Fed. R. Civ. Pro. 8(a)(1): Plaintiff's Complaint is inadequate as a "short and plain statement" to support jurisdiction, assuming the truth of the statement. *Id.*

Moreover, Plaintiffs fail to affirmatively allege the state of incorporation and principal place of business of each defendant. 28 U.S.C. § 1332(c)(1) (corporation deemed to be citizen of any state by which it has been incorporated and of the state where it has its principal place of business). Complete diversity does not exist as NWTS maintains an office, conducts business from, and has a resident agent in Oregon. Since Plaintiffs also reside in Oregon, complete diversity arguably does not exist. Even assuming that Plaintiffs have made an intelligible claim in excess of $75,000,

Page 6 – DEFENDANT NWTS' FRCP 12 MOTIONS

**ROUTH CRABTREE OLSEN, P.C.**
*A full service mortgage banking law firm*
11830 SW Kerr Parkway Suite 385
Lake Oswego, Oregon 9735
Telephone (503) 977-7840
Facsimile (503) 977-7963

Plaintiffs have not established that the citizenship requirement has been met. Thus, the Court does not have diversity citizenship.

C.       **ALL SUPERFLUOUS AND NARRATIVE INFORMATION SHOULD BE STRUCK PURSUANT TO FED. R. CIV. P. 12(b)(6) AND FED. R. CIV. P. 12(f)**

Plaintiff states much narrative, case law from other jurisdictions, and superfluous comment on self-serving history and information, none of which complies with the general rules of pleading pursuant to Fed. R. Civ. P. 8, and thus should be struck for its failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6). In addition this material should be struck pursuant to Fed. R. Civ. P. 12(f) as it is redundant, immaterial, impertinent, and much of it is scandalous. All verbiage in Plaintiff's Complaint that does not state an ultimate fact should be struck.

D.       **PLAINTIFF SHOULD NOT BE ALLOWED TO REPLEAD BECAUSE ANY AMENDMENTS WOULD BE FUTILE**

Under Fed. R. Civ. P. 15(a), leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts, however, do not allow "'futile amendments.'" *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 650 (9th Cir. 1984) (quoting *Klamath-Lake Pharm. Ass'n v. Klamath Medical Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983)). Courts may, therefore, dismiss an insufficient complaint where "it is clear the deficiency cannot be overcome by amendment." *Jones*, 733 F.2d at 650 (quoting *May Dept. Store v. Graphic Process Co.*, 637 F.2d 1211, 1216 (9th Cir. 1980)). Based on the foregoing analysis, it does not appear that Plaintiffs could transform their Complaint to comport with the requirements of the Federal Rules of Civil

Page 7 – DEFENDANT NWTS' FRCP 12 MOTIONS

**ROUTH CRABTREE OLSEN, P.C.**
*A full service mortgage banking law firm*
11830 SW Kerr Parkway Suite 385
Lake Oswego, Oregon 9735
Telephone (503) 977-7840
Facsimile (503) 977-7963

Procedure.

E.  **TILA CLAIMS ARE TIME BARRED**

Plaintiff alleges several violations of the Truth in Lending Act ("TILA") 15 U.S.C. § 1601, et seq. (*See* 57-68, Compl.) at the time the Loan was originated. The Loan was originated in August, 2008, over a year ago. Plaintiffs' claims are time barred by 15 U.S.C. § 1601(e), which states in part:

> Jurisdiction of courts; limitations on actions; State attorney general enforcement
>
> Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation. This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law…

Thus, Plaintiff's claims for violations of TILA at the time of origination of the Loan are time barred. Certainly, Plaintiffs damages claim must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Plaintiffs fail to state a claim for which relief can be granted. Furthermore, Plaintiffs fail to allege how NWTS is liable to them for any TILA violations since NWTS was not the lender. Moreover, with regard to any rescission rights under TILA, Plaintiffs fail to allege that the Property is their "principal dwelling" and thus have not established a right of rescission. *See* 15 U.S.C. § 1635; *Semar v. Platte Valley Federal Sav. & Loan Assn.*, 791 F.2d 699, 701 (9th Cir. 1986).

IV.  **CONCLUSION**

WHEREFORE, NWTS prays Plaintiff's Complaint be dismissed or struck in its entirety,

Page 8 – DEFENDANT NWTS' FRCP 12 MOTIONS

**ROUTH CRABTREE OLSEN, P.C.**
*A full service mortgage banking law firm*
11830 SW Kerr Parkway Suite 385
Lake Oswego, Oregon 9735
Telephone (503) 977-7840
Facsimile (503) 977-7963

without leave to amend, pursuant to Fed. R. Civ. P. 12(b)(1), (6), and 12(f).

 DATED this 24th day of February, 2010.

                **ROUTH CRABTREE OLSEN, P.C.**

                By /s/ John M. Thomas_____
                John M. Thomas, OSB #024691
                Attorneys for Defendant NWTS
                11830 SW Kerr Parkway, Ste. 385
                Lake Oswego, Oregon 97035
                Phone: (503) 517-7180
                Fax: (425) 457-7369

Page 9 – DEFENDANT NWTS' FRCP 12 MOTIONS

**ROUTH CRABTREE OLSEN, P.C.**
*A full service mortgage banking law firm*
11830 SW Kerr Parkway Suite 385
Lake Oswego, Oregon 9735
Telephone (503) 977-7840
Facsimile (503) 977-7963