FILED '10 MAY 07 15:17 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON
EUGENE DIVISION

DON M. HOGAN and LINDA M. HOGAN,      )      CASE NO. 10-6027-HO
                                      )
                    Plaintiffs,       )      ORDER
                                      )
         vs.                          )
                                      )
NW TRUST SERVICES, INC., DESCHUTES    )
COUNTY TITLE CO, HALLIGAN & ASSOC.,   )
THE LENDING TEAM, INC., M&T BANK, and )
WELLS FARGO BANK N.A.,                )
                                      )
                    Defendants.       )
_____)

<u>Introduction</u>

   Plaintiffs Dom M. Hogan and Linda M. Hogan (Hogans),

appearing *pro se* assert 15 claims[1] against defendants NW Trustee

---

   [1]      Plaintiffs' Complaint requests Declaratory Relief; and
alleges 14 claims of federal and state law violations including:
claims of Contractual Breach; Violation of TILA (Truth in Lending
Act); Violation of RESPA (Real Estate Settlement Procedures Act);
Recission[sic]; Fraud(only alleged in 10-6027-TC); UDAP (Unfair and
Deceptive Business Practices and Acts); Breach of Fiduciary Duty;
Unconscionability; Unclean Hands; Conversion; Counterfeiting; RICO;
FDCPA (Unfair Debt Collection Practices); Wrongful Foreclosure. [#1].

Services[2] (NWTS), Deschutes County Title (DCT), Halligan & Associates (Halligan), The Lending Team (an inactive Oregon corporation based in Eugene), M&T Bank, Wells Fargo Bank, N.A., (Wells Fargo) and 10 John Roes [sic]. [#1].

Plaintiffs assert claims are against all defendants with the exception of: (1) plaintiffs' 14th claim alleging Consumer Credit Protection violations (15 U.S.C. §1692 *et seq.*) against NWTS alone and (2) plaintiffs' 15th claim alleging Consumer Credit Protection Act violations (15 U.S.C. §1692 *et seq.*) against M&T Bank, Wells Fargo and NWTS. Plaintiffs also move for reconsideration of this court's March 2, 2010 order [#24], denying their Motion for Preliminary Injunction and Temporary Restraining Order. [#30].

All defendants (except The Lending Team which has not appeared), have moved for dismissal of plaintiffs' complaint. Additionally before this court is a Request for Judicial Notice by defendant Wells Fargo. [#23].

## 1. **Plaintiffs' Motion for Reconsideration** [#30]:

Plaintiffs, pursuant to Fed.R.Civ.P. 60(b)(1),(2) &(3), move for reconsideration of this court's March 2, 2010, order [#24], denying their Motion for a Preliminary Injunction. [#30]. Plaintiffs allege three reasons for the court to reconsider: new

---

[2]  Plaintiffs' Complaint incorrectly names NW Trustee Services Inc.,as NW Trust Services, Inc.

evidence, mistake and fraud by adverse party. [#30-pp.4-5].

Plaintiffs assert that they "have just received the results of a forensic audit" which "demonstrated predatory lending" and "was not available at the March 2, 2010, hearing." [#30-Memo, p.4]. Plaintiffs do not however, include any such evidence for the court's consideration.

Plaintiffs also argue that defendants have not entered "one scintilla of admissible evidence." *Id.* Plaintiffs claim that all of the defendants' evidence is improperly authenticated as they lack "the oral testimony of competent fact witness [sic] under oath (and available for cross-examination) or an affidavit". [#30-Memo pp.4-5]. Finally, plaintiffs claim that all defendants have committed fraud to "one degree or another." [#30-Memo pp.5-6]. This alleged fraud includes: the appraiser knowing the "subject property [will] not support the price stated;" the mortgage broker misrepresenting the borrower's income; the Deed of Trust changing hands without the borrower's consent; the original Promissory Note disappearing in this process leaving plaintiffs allegedly facing "the very real danger that another claimant would come forward who was the *defacto* Promissory Note holder and lay claim to plaintiffs' estate" and the lender attempting to "pass off" this copy as the original which plaintiffs claim amounts to counterfeiting *Id.*

It is well established in federal case law that

reconsideration is indicated in the face of new evidence, an
intervening change in the law, or as necessary to prevent manifest
injustice. *Mustafa v. Clark County Sch Distr.,* 157 F.3d 1169,
1178-79 (9th Cir 1998). A motion for reconsideration should
accomplish two goals: (1) it should demonstrate reasons why the
court should reconsider its prior decision and (2) set forth law
or facts of a strongly convincing nature to induce the court to
reverse its prior decision. *Donaldson v. Liberty Mut. Ins. Co.,*
947 F. Supp. 429, 430 (D.Haw 1996). Whether to grant the motion
is within the sound discretion of the court. *Navajo Nation v.
Confederated Tribes & Bands of Yakima Indian Nation,* 331 F.3d
1041, 1046 (9th Cir. 2003).

Plaintiffs submit no new argument or evidence regarding
defendants alleged predatory lending practices or fraud and appear
to simply reiterate their previously stated arguments. Similarly,
plaintiffs appear to misunderstand the rules as they apply to
self-authenticating documents. The Federal Rules of Evidence
explain that extrinsic evidence of authenticity is not required
for a domestic public document (such as those offered by
defendants), bearing a seal (or stamp) of the state, district, or
political subdivision and a attesting signature of an official.
Fed. R. Evid. 902(1).

In short, plaintiffs have failed to show that reconsideration
is indicated. They have presented no new evidence; there has not

been an intervening change in the law and they have not

demonstrated that reconsideration is necessary to prevent manifest

injustice.  I therefore deny plaintiffs' motion for

reconsideration.  [#30].

### 2. __Wells Fargo's Request to take Judicial Notice [#23]:__

Wells Fargo moves the court to take judicial notice of the

recorded deed of trust, notice of sale, plaintiffs sworn

statements in support of their Motion for Temporary Restraining

Order and Preliminary Injunction, various public records

disclosing the citizenship of certain defendants and the deed of

sale following foreclosure.  [#23].

Fed.R. Evid. 201 governing judicial notice states: "A

judicially noticed fact must be one not subject to reasonable

dispute in that it is . . . capable of accurate and ready

determination by resort to sources whose accuracy cannot

reasonably be questioned." Fed.R.Evid.201(b).  Facts contained in

public records are considered appropriate subjects for judicial

notice. *Santa Monica Food not Bombs v. City of Santa Monica,* 450

F.3d 1022, 1025 (9th Cir. 2006).  Similarly, the "incorporation by

reference" doctrine permits a district court when deciding a

motion to dismiss, to consider documents whose contents are

alleged in a Complaint and whose authenticity no party questions,

but which are not physically attached to the plaintiff's pleading.

*Branch v. Tunnel,* 14 F.3d 444, 454 (9th Cir. 1994).

The consequences of taking judicial notice are significant. Judicial notice precludes either party from introducing evidence to disprove that fact. *Rivera v. Phillip Morris, Inc.,* 395 F.3d 1142, 1151 (9th Cir. 2005). Where the trial court has taken judicial notice of a fact, the jury must be instructed to accept that fact as conclusive. Fed.R.Evid. 201(g). The Ninth Circuit has accordingly urged the district courts to be cautious in taking judicial notice and to do so only when the matter is beyond controversy. *Id.*

Wells Fargo requests that this court take judicial notice of the following documents:

### a) The Deed of Trust.

Plaintiffs refer to the language in the Deed of Trust in their opposition to defendant Wells Fargo's motion to dismiss and do not appear to dispute the Deeds of Trust's authenticity. [#32-pp.2-3]. Given that the Deeds of Trust are public records, relevant to the controversy before the court and are not disputed, I hereby take judicial notice of the Deed of Trust [#12-Ex. 1], for the purpose of ruling on the defendants' Motions to Dismiss.

### b)    Notice of Default and Election to Sell:

This notice is a public record (#12-Ex. 4-Deschutes County Instr. No. 2009-40627), which bears the Deschutes County Clerk's stamp. Plaintiffs responsive pleadings dispute the defendants' "power of sale to perfect the foreclosure" [#32-p.8],

6 - ORDER

but do not appear to dispute the authenticity of these documents.

Given that the Notice of Default and Election to Sell is a public record and cannot be reasonably disputed, I take judicial notice of it for the purpose of ruling on the defendants' Motions to Dismiss.

### c)    Plaintiffs' sworn statements:

Wells Fargo requests that the court take judicial notice of various statements contained in plaintiffs' previous pleadings. [#23-p.2]. Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction [#2], state that plaintiffs had ceased making payments on the subject loan agreements after May 1, 2009 and April 1, 2009 respectively [#2-p.2]; that the Notices of Default and Election to Sell were issued on or about September 21, 2009 [#2-p.8]; and that plaintiffs were served the Notices of Trustee Sale dated September 23, 2009, on or about September 28, 2009. [#2-pp.2, 7]. Given that these are sworn statements by plaintiffs, contained in their previously filed documents and are therefore not likely to be reasonably disputed, I hereby take judicial notice of these statements for the purpose of ruling on the defendants' Motions to Dismiss.

### d)    Oregon Secretary of State records:

Finally, Well Fargo requests this court to judicially notice that according to the Oregon Secretary of State's public records, Halligan & Associates is the assumed business name of

KDW, Inc., an Oregon corporation with a principal place of business in Bend, Oregon and that 'The Lending Team, Inc.', is an inactive Oregon corporation with a principal place of business in Eugene Oregon. [#23-Ex.4].

Plaintiffs' responsive pleadings are silent with regard to Wells Fargo's request. However, the information contained on the Secretary of State's corporation division's public website cannot reasonably be disputed. I therefore take judicial notice of the information contained therein for the purpose of ruling on the defendants' Motions to Dismiss.

Additionally, I also take judicial notice of the information contained in the recitals of the Trustees Deed [#12-Ex.5], which is another certified public record that is not and could not reasonably be in dispute.

<u>BACKGROUND</u>

This action arises from the Hogans' real estate loan for $210,000, which originated with defendant M&T Bank on August 13, 2008, and financed the real property located at 16205 Green Forest Road, La Pine, Oregon 97739 (subject property). [#1-¶¶ 2, 5]. On August 13, 2008, plaintiffs also executed a Deed of Trust with the subject property acting as security for the Note. [#1-¶ 5].

Defendant M&T Bank had Mortgage Electronic Registration System, Inc. ("MERS") acting as its nominee and beneficiary under the Deed of Trust. [#12-Ex. 1]. Defendant Deschutes County Title

8 - ORDER

Company acted as the trustee. *Id.* On or about September 21, 2009, MERS assigned the Note and Deed of Trust to defendant Wells Fargo. [#12-Ex.2]. This assignment was recorded on September 23, 2009 as Document No. 2009-40625, in the official records of the Deschutes County Recorder. [#12-Ex.2].

On or about May 1, 2009, plaintiffs ceased making loan payments on the note. [#12-Ex.4, p.1]. Defendant Wells Fargo Bank, on or about September 23, 2009, appointed defendant Northwest Trustee Services, Inc.(NWTS), as the successor trustee. [#12-Ex. 3]. That same day, NWTS recorded a Notice of Default and Election to Sell with the Deschutes County Recorder, giving notice that the trustee's sale of the subject property would occur on January 29, 2010. [#12-Ex. 4].

Defendant NWTS also filed and served all the appropriate statutorily required foreclosure notices to effectuate a proper foreclosure of the Deed of Trust. *Id.* On January 29, 2010, as noticed, NWTS sold the subject property at a trustee's sale to Federal National Mortgage Association for $226,321.90. [#12-Ex.5-p.2].

<u>DISCUSSION</u>

1.    **Motions to Dismiss**

    <u>a)    Wells Fargo Motion to Dismiss [#21]:</u>

Wells Fargo, in moving to dismiss the entire complaint against them, asserts that plaintiffs have failed to state a claim

upon which relief can be granted and have failed to comply with
"even the most basic pleading requirements imposed by Fed.R.Civ.P.
8(a)". [#21-p.2].

Plaintiffs counter that all defendants acted in "concert . .
. to accomplish their sinister goal of enticing plaintiffs to
borrow money that defendants knew without a doubt plaintiffs could
not pay back." [#31-p.2]. Plaintiffs further allege that NWTS
and Wells Fargo "conspired to take Plaintiffs [sic] home without
the right to do so." *Id.*

A Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) is proper
only where there is a lack of a cognizable legal theory or the
absence of sufficient facts alleged under a cognizable theory.
*Balisteri v. Pacific Police Dept.,* 901 F.2d 696,699 (9th Cir.1990).
The issue is not whether the plaintiff is likely to succeed on the
merits but if the complaint is sufficient to entitle the plaintiff
to proceed beyond the pleadings in an attempt to establish his
claim. *De La Cruz v. Torrey,* 582 F.2d 45, 48 (9th Cir 1978). The
plaintiffs' material allegations must be accepted as true and the
complaint construed in the light most favorable to him. *Love v.
United States,* 915 F.2d 1242, 1245 (9th Cir. 1988).

Nonetheless, a court is "free to ignore legal conclusions,
unsupported conclusions, unwarranted inferences and sweeping legal
conclusions cast in the form of factual allegations." *Sitanggang
v. Indymac Bank FSB,* 2009 WL 1286484, p.2 (citing *Farm Credit*

*Service v. Am. State Bank*, 339 F.3d 765, 767 (8th Cir. 2003)).
Similarly, conclusory allegations, without more, are insufficient
to defeat a motion to dismiss for failure to state a claim.
*McGlinchy v. Shell Chemical Co.,* 845 F.2d 802 810 (9th Cir 1988);
<u>see also</u> *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009)(To survive
a motion to dismiss, a complaint must contain sufficient factual
matter, accepted as true, to state a claim that is plausible on
its face.)(citations omitted).

Plaintiffs' Complaint contains 15 "causes of action"
including a request for declaratory action and various federal
claims including 15 U.S.C. 1601, the Truth in Lending Act (TILA);
12 U.S.C. 2601, the Real Estate Settlement Procedures Act (RESPA);
and 18 U.S.C. 1961 the Racketeer Influenced and Corrupt
Organizations Act (RICO) pursuant to which this court is
apparently conferred jurisdiction for the remaining state claims
to this court.   [#1].

    1.   <u>Declaratory Relief:</u>

Plaintiffs seek declaratory relief requesting that this
court find the "purported power of sale contained in the loan of
no force and effect because Defendants actions in the processing,
handling, and attempted foreclosure of this loan has contained
numerous violations of state and federal law." [#1-pp.9-10].
Plaintiffs further request that the court "cause the title of the
properties to remain in the plaintiffs name . . . during the

11 - ORDER

pendency of this litigation." *Id.*

Wells Fargo responds that plaintiffs' claims amount to an improper collateral attack on a state law foreclosure which has been completed and also appears to duplicate proceedings filed in state court on or about January 26, 2010.  [#22-pp.5-6; see also #12-Ex.6].

ORS 86.745 details the requirements for the notice of default and election to sell.  Plaintiffs do not claim that the notice given them was insufficient or legally faulty.  Upon examination of the judicially noticed Notice of Default and Election to Sell [#12-Ex.4], I find it legally sufficient.

Plaintiffs have not complained that they were not properly served with the Notice on the subject property.  Nor do plaintiffs deny that they are in default on their loan or offer anything to indicate that they were able to tender the debt in order to disrupt the non-judicial foreclosure.  Thus while a mortgage is said to carry with it an equity of redemption, that right exists only until the foreclosure sale and only if the mortgagor reimburses the mortgagee and cures the default.  *Blacks Law Dictionary*, 561 (7th Ed. 1999).

In short, plaintiffs neither plead nor offer any evidence to suggest that the declaratory relief they seek is based in commonlaw and therefore equitable.  Plaintiffs' request for declaratory judgment is therefore denied.

12 - ORDER

2.    Contractual Breach:

Plaintiffs allege that all defendants are liable for a "contractual breach of implied covenant of good faith and fair dealing." [#1-pp. 10-11]. Plaintiffs' conclusory allegations supporting their claim, contend that defendants breached their duty by "willfully withh[olding] numerous disclosures; []willfully withh[olding] notices in regard to underwriting standards, disclosures of additional income due to interest rate increases and failure to disclose when negative credit scores were disseminated" thereby "willfully plac[ing] plaintiffs in a loan that they did not qualify for and subject[ing] them to further financial detriment. . . ." [#1-p.11,¶ 54]. In short, it appears that plaintiffs contend that they did not understand the terms of the loan contracts they signed.

The implied covenant of good faith and fair dealing serves to protect the objectively reasonable contractual expectations of the parties. *Slover v. State Board of Clinical Social Workers,* 144 Or.App. 565, 572 (1996). The focus of the court's examination will be on the objectively reasonable expectations of the parties. *Tolbert v. First National Bank,* 312 Or. 485, 494 (1991). This implied duty cannot contradict an express contractual term nor does it provide a remedy for an act (even one as admittedly unpleasant as foreclosure), that is expressly permitted by the terms of the contract. *Pacific First Bank v. New Morgan Park*

13 - ORDER

*Corp.,* 319 Or. 342, 352 (1994).  In other words, a party invoking

an express contractual right does not merely by doing so, violate

the duty of good faith and fair dealing.  *Uptown Heights*

*Associates v. Seafirst Corp,* 320 Or. 638, 645 (1995).

Failure by plaintiffs to understand the express contract

terms by which they bound themselves and under which defendants

proceeded, does not state a claim for breach of implied covenant

of good faith and fair dealing.  Plaintiffs' second claim

therefore fails to state a claim upon which relief can be granted.

    3.   Violation of TILA, 15 U.S.C. § 1601 *et seq.:*

Plaintiffs' third claim alleges that all defendant have

violated TILA by "failing to provide Plaintiffs with accurate

material disclosures," including their right to rescind, as

required by the statute.  [#1-p.12].  Plaintiffs also allege

various specific disclosure failures or inaccuracies occurring on

or about September 6, 2006. [#1-p.13,¶64].

However, the TILA statute of limitations is one year from the

date of the occurrence of the alleged violation.  15 U.S.C. §

1640(e).  Plaintiffs filed this action on February 4, 2010 [#1],

clearly outside the one-year limit and have therefore failed to

timely file this claim.

Nor does this action establish a timely or valid rescission

notice by plaintiffs.  15 U.S.C. § 16035(b).  Plaintiffs have not

established that they are or were willing and able to tender their

outstanding debt as required by the statute.  Plaintiffs do not

14 - ORDER

therefore provide this court with any basis for equitable tolling of the TILA statute of limitations.

For the reasons stated above, plaintiffs' third claim fails to state a claim upon which relief can be based.

4.   Violation of RESPA, 1 U.S.C. § 2601 *et seq:*

Plaintiffs' fourth claim alleges that all defendants have violated their rights under the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C.§ 2601 *et seq.* [#1-pp.14-15]. Plaintiffs do not detail either the specific actions by defendants which allegedly violated RESPA or the section of RESPA that was allegedly violated. Instead, plaintiffs broadly contend that the payments between defendants "were misleading and designed to create a windfall. These actions were deceptive, fraudulent and self-serving." [#1-p.15, ¶ 74]. Plaintiffs also maintain that this claim is timely because in the instance of fraud, RESPA claims have a four-year statute of limitations. [#32-p.3].

To the extent that plaintiffs' allegations could be construed as a claim involving the disclosure of assignment, sale or transfer of their loans servicing, their claim is untimely. Claims pursuant to 12 U.S.C. § 2605 are required to be brought within 3 years of the alleged violation. (12 U.S.C. § 2614). Similarly, if plaintiffs claims could be construed as brought under RESPA for kickbacks or unearned fees (12 U.S.C. § 2607), they are also time-barred given that section's one-year statute of

limitations.  (12 U.S.C. § 2614).

The Ninth Circuit has explained that Fed.R.Civ.P. 9 requirements serve not only to give notice to defendants of the specific fraudulent conduct against which they must defend but also "to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society the enormous social and economic costs absent some factual basis." *Bly-Magee v. Calif.,* 236 F.3d 1014, 1018 (9th Cir. 2001).  I find that plaintiffs have not made specific and particular allegations to support their contentions of fraud sufficient to allow equitable tolling of the RESPA statute of limitations.

For the reasons stated above, plaintiff's fourth cause of action fails to state a claim upon which relief can be granted.

5.  Rescission:

Plaintiffs' fifth claim against all defendants seeks rescission of plaintiffs' loan on the basis of: "1) TILA violations; 2) failure to provide a Mortgage Loan Origination Agreement; 3) fraudulent concealment; and public policy grounds . . . ." [#1-p.15,¶ 77].  Plaintiffs' rescission claim fails for a number of reasons.

First, and most importantly, pursuant to 15 U.S.C. §1635(f),

16 - ORDER

plaintiffs' claim expired upon the property's legally noticed non-judicial foreclosure sale held on January 29, 2010, and for which the trustee's deed was issued on February 3, 2010. [#12-Ex.5].

Second, plaintiffs have nowhere stated that they are or were prepared to tender their outstanding debt. "Clearly it was not the intent of Congress to reduce the mortgage company to an unsecured creditor to simply permit the debtor to indefinitely extend the loan without interest." *American Mortgage v. Sheldon,* 486 F.3d 815, 820-21 (9th Cir. 2007). Without a plaintiff's tender, TILA rescission would be an empty, and inappropriate remedy.

Under Oregon law, the right to rescind is dependent on placing the other party in *status quo ante. Bollenback v. Continental Casualty Co.,* 243 Or. 498, 503 (1966). In other words, before a plaintiff is entitled to equitable relief, the court must require that the plaintiff return that which he has received. *Id.* Before any action may be brought to recover money or property from another party, the plaintiff must have returned or offered to return that which he has received. *Id.*

Plaintiffs' failure to offer to tender their outstanding debt does not allow either equitable rescission of their loan agreements and or any rescission claims under TILA. For the reasons stated above, plaintiff's fifth cause of action fails to state a claim upon which relief can be granted.

17 - ORDER

6.    Fraud:

Plaintiff's sixth claim against all defendants makes general allegations that defendants allegedly knew or should have known, pursuant to the documentation plaintiffs provided, that plaintiffs could not afford the loan offered and secured by the subject property.  [#1-pp.16-17].  Similarly, plaintiff's response to Wells Fargo's Motion to Dismiss makes unspecified and conclusory allegations of mail fraud, wire fraud and securities fraud.  [#32-p.4].

As stated above, Fed.R.Civ.P. 9(b) requires particularized allegations of the circumstances constituting fraud.  *Misc Serv. Workers v. Phico-Ford Corp.,* 661 F.2d 776, 782 (9th Cir.1981)(the pleader must state the specific content of the false representation as well as the identities of the parties to the misrepresentations.)  Similarly, to recover for common law fraud under Oregon law, a party must establish: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that the representation should be acted upon by the hearer in the manner reasonably contemplated; (6) the hearer's ignorance of the representation's falsity; (7) the hearer's reliance on the truth of the representation; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury."  *Goodyear Tire & Rubber Co. V. Tualatin Tire & Auto, Inc.,* 17 F.Supp. 2d. 1170,

18 - ORDER

1180 (D.Or. 1998).

Plaintiffs general allegations and conclusory statements do not meet these rigorous pleading requirements and therefore fail to state a claim for fraud upon which relief can be granted.

7.   Unfair and Deceptive Business Act Practices (UDAP):

Plaintiffs seventh cause of action alleges that all defendants "failed to undergo a diligent underwriting process" for plaintiffs' loan and "failed to disclose facts and circumstances relating to Plaintiffs' Mortgage[s] and placed Plaintiffs in a loan, by way of stated income and misleading facts which they should never have been approved for because they could not afford it." [#1-p.17,§ 94].  Plaintiffs do not specify upon which state or federal law they base these allegations although there is some indication from their responsive pleading [#32-p.5], that plaintiffs mistakenly referenced a California law for this claim.

To the extent that this claim could be construed as a claim made under the Oregon Unlawful Trade Practices Act (UTPA), it fails for two reasons.  First, the lending of money does not fall within the UTPA's definition of "goods and services." *Hanger v. Johnson*, 25 Or.App. 131, 135 (1976).  Second, given the UTPA's one-year statute of limitations, plaintiffs claims are clearly time-barred.  ORS 646.638.

Thus for the forgoing reasons, plaintiffs' seventh cause of action (even if construed liberally to state a claim under the

Oregon UTPA), fails to state a claim upon which relief can be granted.

    8.   Breach of Fiduciary Duty:

    Plaintiffs' eighth claim alleges in summary, that all defendants owed plaintiffs a fiduciary duty which, they breached by their failure to inform plaintiffs of the likelihood that plaintiffs would default on their loan.  [#1-p.18, ¶¶ 98-102]. Plaintiffs appear to contend that defendants' alleged fiduciary duty extended to protecting plaintiffs against themselves.

    "The elements of a cause of action for breach of fiduciary duty are: 1) the existence of a fiduciary duty; 2) a breach of the fiduciary duty; and 3) resulting damage." *Pallegrini v. Weiss,* 165 CAl.App. 4th 515, 524 (2008).  "A fiduciary or confidential relationship can arise when confidence is reposed by persons in the integrity of others, and if the latter voluntarily accepts or assumes to accept the confidence, he or she may not act so as to take advantage of the other's interest without that person's knowledge or consent." *Pierce v. Lyman,* 1 Cal.App.4th 1093, 1101-02 (1991).

    However, it is well established that a purchaser must use reasonable care for his own protection and cannot rely blindly on a seller's statements but, must make use of his means of knowledge and failing to do so, cannot claim that he was misled. *Bodenhammer v. Patterson* , 278 Or. 367, 375 (1977).

20 - ORDER

It is also well established that, "[t]he relationship between a lending institution and its borrower-client is not fiduciary in nature." *Nymark v. Heart Fed. Savings & Loan Assn.,* 231 Cal.App.3d 1089, 1093 Fn.1 (1991) ("[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."); see also *Oaks Management Corp. V. Superior Court,* 145 Cal.App.4th 453, 466 (2006)(absent special circumstances, a loan transaction is at arms-length and there is no fiduciary relationship between the borrower and lender). A commercial lender is entitled to pursue its own economic interests in a loan transaction. *Nymark,* 231 Cal.App.3d at 1093 Fn.1.(citation omitted).

Plaintiffs claims similarly ignore the long-held Oregon legal principles that, arms-length banking and loan transactions do not constitute a special or fiduciary relationship. *Uptown Heights Assoc Ltd., v. Seafirst Corp.,* 320 Or. 638, 650 (1995). To establish a fiduciary relationship there must be some standard of care apart from those imposed by a loan agreement or contract. *Id.*

For the reasons stated above, plaintiffs eighth claim of breach of fiduciary duty fails to state a claim upon which relief can be granted.

9.   Unconscionability - UCC 2-302

Plaintiffs' ninth cause of action alleges that the mortgage on the subject property is unconscionable because "it purport[ed] to waive [various] rights to which the mortgagor is entitled by law." [#1-pp.18-19].  Plaintiffs' allegations are brought under the Uniform Commercial Code (UCC), §2-302.  *Id.*

Plaintiffs' claim ignores that the UCC §2-302 does not apply to the sale of real estate - it is limited to a transaction in goods.  *Best v. U.S. Nat'l Bank of Oregon,* 78 Or. App. 1, 10 (1986).  Thus, plaintiffs' claims under the UCC fail to state a claim upon which relief can be granted.

10.   Unclean Hands:

Plaintiffs tenth claim alleges "unclean hands" on the part of all defendants, based on their part in the foreclosure. Plaintiffs' claim inartfully attempts to use an equitable defense (a defendant's shield), as a plaintiff's sword.

The unclean hands doctrine is an equitable defense that allows a defendant to refuse a plaintiff relief where, principles of fairness dictate that the plaintiff should not recover because he acted unconscionably or exhibited bad faith in connection with the matter at hand.  *Mendoza v. Ruesga,* 169 Cal. App.4th 270, 279 (2008).  In other words, "unclean hands" provides a defendant with a complete defense to a plaintiff's legal and equitable causes of action.  *Id.*

22 - ORDER

Plaintiffs fail to state a claim for relief upon which relief may be granted for their tenth cause of action.

11.  Fraud and Conversion:

Plaintiffs allege claims of fraud and conversion against all defendants in their eleventh cause of action.  [#1-pp.20-21].  In support of their claim, plaintiffs make various assertions incorporating elements of criminal law, such as *actus reus* and *mens rea*. [#1-pp.20-21].

Civil claims of conversion however, concern chattel (articles of personal property), and are not applicable to claims regarding loan agreements for real property.  *Mustela v. Toddy,* 253 Or. 658, 663-64 (1969)(conversion is intentional exercise of dominion or control over a chattel).  Plaintiffs' claims of conversion with regard to the subject property, therefore fail to state a claim upon which relief may be granted.  As discussed previously, plaintiffs' claims of fraud similarly fail to state a claim.

12.  Counterfeiting:

Plaintiffs' twelfth cause of action alleges counterfeiting claims against all defendants except Halligan[3] based upon their attempts "to deceive Plaintiffs by claiming enforcement authority as the real party in interest to the promissory note when they possess only a copy of such note, which is a counterfeit." [#1-pp.22-23,¶ 124].  Plaintiffs however fail to state any legal basis

---

[3]    Plaintiff withdraws this claim against Halligan.  [10-6027-#43-p.7].

23 - ORDER

for their claim that a promissory note cannot be copied in real
property transactions and this court can find none.  Plaintiffs'
twelfth claim of counterfeiting therefore fails to state a claim
upon which relief may be granted.

> 13.  <u>Racketeering Influenced Corrupt Organizations Act (RICO)
> Violations:</u>

Plaintiffs' thirteenth cause of action alleges RICO
violations by all defendants concerning mail, wire, "financial
institutional fraud" and "engaging in monetary transactions in
property derived from specified unlawful activity". [#1-pp. 23-
25].

Fed.R.Civ.P. 9(b) applies equally to RICO claims.  *Moore v.
Bayport Package Express Inc.,* 885 F.2d 531, 541 (9th Cir. 1989)..
Allegations of fraud which form the basis of a RICO claim must
"identify the time, place and manner of each fraud plus the role
of each defendant in each scheme.  Thus in order to state a claim
under 18 U.S.C. §§ 1962(a), (b), and (c), a plaintiff must plead
facts establishing: (1) that the defendant; (2) through the
commission of predicate criminal acts which constitute a pattern
of racketeering activity; (3) directly or indirectly invests in,
or maintains an interest in, or participates in; (4) an
enterprise. *Sebastian Int'l v. Russolillo*, 128 F.Supp.2d 630, 634
(CD Cal. 2001)(citations omitted).  Additionally, a pattern of
racketeering "must be based on at least two acts of racketeering,
must show that the racketeering predicates are related, and that

24 - ORDER

they amount to or pose a threat of continued criminal activity."
*Cooper Indus., Inc. v. Lagrand Tire Chains*, 205 F. Supp. 2d 1157,
1165 (D.Or. 2002).

Although plaintiffs appear to acknowledge the above-stated
RICO claim pleading requirements saying they know it is essential
for a plaintiff to plead: "WHO did WHAT to WHOM, HOW did they do
it, WHERE did they do it, WHEN did they do it,  WHAT law was
violated and WHAT are the damages?"  [#1 -p.23,¶ 126].  They then
attempt to shift the pleading burden to defendants contending that
"Defendants are in a superior position and possess the information
needed to complete this very complex pleading." *Id.*

Plaintiffs do list statutory sections for various fraudulent
and unlawful activities, however they fail to provide any specific
allegations and therefore fail to identify the time, place and
manner of each alleged fraud as well as the alleged role of each
defendant in each purported scheme. *Moore v. Bayport Package
Express Inc.,* 885 F.2d 531, 541 (1989).

For the reasons discussed above, plaintiffs' thirteenth claim
fails to state a claim under RICO.

14. Wrongful Foreclosure:

Plaintiff's fifteenth cause of action alleges wrongful
foreclosure, pursuant to Consumer Credit Protection (15 U.S.C.
1692), against defendants M&T Bank, Wells Fargo and NWTS. [#1-pp.
26-27].  Plaintiffs' allegations theorize that "defendants had no

25 - ORDER

right to foreclose on the Note . . . were not and are not in
possession of the Note . . . and are not otherwise entitled to
payment" or to sell the subject property. [#1-pp.26-27, ¶¶ 134-
35].

Given both the complete lack of legal basis for this theory
(as discussed above), and that plaintiffs' allegations do little
more than essentially assert that the named defendants have simply
enforced the terms of the plaintiffs' loan agreement, plaintiffs'
fifteenth claim has failed to state a cause of action upon which
relief can be granted.

For the reasons detailed above Wells Fargo's Motion to
Dismiss [#21], is granted.

### 2.   **Northwest Trustee Services Motion to Dismiss [#12]:**

Northwest Trustee Services (NWTS) moves to dismiss
plaintiffs' entire complaint contending that this court lacks
personal and subject matter jurisdiction under both 28 U.S.C.
§1331 and 28 U.S.C. § 1332, because plaintiffs and NWTS are not
completely diverse and because this involves a matter of state
law, arising as it does from the Note and Deed of Trust securing
payment of the Note to the subject property located in Oregon, on
which plaintiffs have defaulted and foreclosure proceedings have
been completed. [#12-pp.5-6].

NWTS further argues that plaintiffs' federal statutory claims
such as those under the Truth in Lending Act (TILA), are time-

26 - ORDER

barred[4] and therefore do not provide this court with the necessary subject matter jurisdiction.  Finally NWTS asserts that because NWTS was not the lender, plaintiffs fail to state a claim for which relief can be granted against them. [#12-pp.2, 8].

NWTS notes that plaintiffs have defaulted under the terms of both the Note and Deed of Trust, foreclosure proceedings have been completed and it appears that plaintiffs have filed a concurrent pending state court action regarding the same subject property. *Id.*  NWTS therefore argues that these matters involve state law only with no federal question presented under 28 U.S.C. § 1331 to confer jurisdiction.  *Id.*

Finally, because plaintiffs federal claims are (for the reasons asserted above), time-barred, NWTS contends that plaintiffs should not be allowed to re-plead or amend their complaint because this court would still lack subject matter jurisdiction over any amended complaint.

For the most part, I agree and for the reasons detailed previously, hereby grant NWTS' Motion to Dismiss [#12].

### 3.   Deschutes County Title Company's Motion to Dismiss [#27]

Deschutes County Title Company (DCT), moves to dismiss plaintiffs' Complaint contending that plaintiffs have failed to state a claim upon which relief can be based.  Further DCT

---

[4]      The loan that is the subject of this case encumbered 16205 Green Forest Road, La Pine Oregon 97739 (subject property) and originated on August 13, 2008.

specifically notes that plaintiffs have failed to allege any specific act by DCT that might state a claim, instead generally alleging that DCT is a "predicate actor" that together with "co-conspirators" has somehow wrongfully foreclosed on plaintiffs' subject property. [#28-p.2]. DCT incorporates co-defendant Wells Fargo's arguments while noting that DCT was not a party to any loan agreement and accordingly had no duties that might have flowed from that agreement. [#28-p.3].

Plaintiffs respond that DCT was "eager to get on the gravy train . . acted in concert . . to accomplish their sinister goal of enticing plaintiffs to borrow money that Defendants knew without doubt that Plaintiffs could not pay back." [#44-p.2].

Given that DCT's involvement was limited to preparation of preliminary title reports, issuance of lenders' title policies and escrow services I find their arguments well grounded and for the reasons detailed previously, hereby grant DCT's Motion to Dismiss [#27], pursuant to Fed.R.Civ.P. 12(b)(6).

### 4.   M&T Bank Motion to Dismiss [#33]:

M&T Bank moves this court to dismiss plaintiffs' complaint in its entirety for failure to state a claim and for an overall failure to meet basic pleading requirements as set forth in the federal rules. [#33]. M&T Bank specifically notes that it did not take part in the foreclosure on the subject property having assigned the Note and Deed of Trust to co-defendant Wells Fargo.

[#33-pp.3-4].   Thus, M&T Bank concludes there is no case or controversy that legitimately includes M&T Bank and the claims against them should therefore be dismissed.   [#33].

Plaintiffs' respond that M&T Bank as the loan originator is "an integral part of the chain of title" that plaintiffs are challenging with regard to the "veracity of the power of sale." [#45].   Plaintiffs further argue that "without the Promissory note and as a result had no authority to assign any interest to Wells Fargo." [#45-p.2].   Plaintiffs conclude "the entire loan process was based on deception" and "M&T Bank is an indispensable party to a scheme or artifice to lure Plaintiffs into a loan they could not possibly repay and then foreclose on Plaintiffs without the power of sale." [#45-p.10].

While it is true that the Federal Rules of Civil Procedure do not require a litigant to guess about the facts that will be found through the discovery process, bare legal conclusions such as those offered here, without factual allegations are not enough to survive a motion to dismiss.  *Ashcroft v. Iqbal*, 129 S.Ct 1937, 1950 (2009),("[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

For the reasons stated in detail above, M&T Bank's Motion to Dismiss [#33], is granted.

**5.   Halligan & Associates Motion to Dismiss [#34]:**

Halligan & Associates (Halligan) moves to dismiss plaintiffs'
complaint and alternatively pursuant to Fed.R.Civ.P. 12(e) moves
to make a more definite statement in order to prepare a response
to any claims remaining against it.  [#34].  As the appraiser for
the subject property, Halligan argues there are no facts relating
to Halligan in plaintiffs' Complaint that could provide a basis
for claims against it.  [#35].  For example, Halligan states that
it never had a security interest in the property nor did it have
any " power of sale" nor was it party to any loan, nor did it
place plaintiffs in a loan or even be informed about the terms of
any loan plaintiffs may have executed and did not undergo any
underwriting process. [#35-pp.3-4].

Plaintiffs allege that Halligan was indispensable to the loan
process because it "willfully, with knowledge and intent inflated
the appraisal of the Subject Property to a level that supported
the purchase price , but did not reflect the true property value."
[#43-p.2].  Plaintiffs do withdraw their counterfeiting claim
against Halligan but maintain that all other claims are
appropriate because the "deceptive appraisal was essential to
complete the transaction."  [#43-p. 7].

Plaintiffs' only plausible claim against Halligan, that of
fraud, is alleged in unsatisfactorily conclusory terms; plaintiffs
fail to identify any specific fraudulent statements or patterns of
fraudulent behavior attributable to Halligan that might state a

claim.   Plaintiffs therefore fail to allege the elements of fraud or of a RICO claim with the requisite level of specificity or particularity demanded by the rules and statute.   Based on all of the foregoing reasoning, I therefore grant Halligan's Motion to Dismiss [#34].

CONCLUSION

Based on the foregoing reasoning, plaintiffs' Motion for Reconsideration [#30], is DENIED; defendant Wells Fargo's Motion for Judicial Notice [#23] is GRANTED; defendant NWTS' Motion to Dismiss [#12] is GRANTED; defendant Wells Fargo's Motion to Dismiss [#21] is GRANTED;; defendant DCT's Motion to Dismiss [#27] is GRANTED; defendant M&T Bank's Motion to Dismiss [#33] is GRANTED; and defendant Halligan's Motion to Dismiss [#34] is GRANTED.   This action is hereby dismissed.

IT IS SO ORDERED.
DATED this _____ day of May, 2010.


_____
United States District Judge